IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHERMAN B. WILLIAMS, | : |
| Petitioner, | : |
| v. | : C.A. No. 14-258-LPS |
| STATE OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM**

**I.     BACKGROUND**

Presently pending before the Court is a document filed by Petitioner Sherman B. Williams entitled "Notice of Appeal Denial of Writ of Error/Sentencing Transcripts," which has been docketed as "Motion for Writ of Mandamus" ("Petition"). (D.I. 1) Petitioner is an inmate at St. Mary's Correctional Center in St. Mary's, West Virginia, and the Motion names the State of Delaware as the Respondent.

As set forth by the Supreme Court of Appeals of West Virginia:

> On December 4, 1997, petitioner was convicted on one count of second degree kidnapping in Sussex County, Delaware and sentenced to a term of incarceration for six years. Additionally, Petitioner was required to register as a sex offender under Delaware law. Petitioner subsequently lived in Maryland and, according to the State of West Virginia, then moved to Berkely County, West Virginia. On May 22, 2012, a Berkely County Grand Jury indicted Petitioner on a single count of felony failure to register as a sex offender in violation of West Virginia Code § 15-12-8(c). The indictment was based upon allegations that Petitioner failed to register with the West Virginia State Police within ten business days of moving to the State of West Virginia. Following a three-day trial, Petitioner was convicted of one count of failure to register as a sex offender and sentenced to a term of incarceration of one to five years.

*State v. Williams*, 2013 WL 5708440, at *1 (W.Va. Oct. 21, 2013). Petitioner appealed his conviction in West Virginia on the grounds that the State failed to prove he was a resident of West Virginia. He argued that he resided in the State of Maryland and merely traveled back and forth between Maryland and Martinsburg, West Virginia, where he was receiving medical treatment at the Veterans Administration Hospital. *Id.* at *2. On October 21, 2013, the Supreme Court of Appeals of West Virginia rejected that argument and affirmed the Circuit Court's judgment of conviction and sentence. *Id.*

## II. DISCUSSION

Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid" of its jurisdiction. *See* 28 U.S.C. § 1651(a). As such, a federal court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981) ("Before entertaining [a petition for a writ of mandamus, the court] "must identify a jurisdiction that the issuance of the writ might assist."). Federal courts have jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."[1] 28 U.S.C. § 1361.

Here, Petitioner does not allege any action or omission by a federal officer, employee, or agency that this Court might have jurisdiction to address in the first instance. Instead, Petitioner asks this Court "to direct the lower [Delaware] court to deliver the records in this case for

---

[1] To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions: (1) he has "no other adequate means to attain the relief he desires;" (2) he demonstrates that "his right to the issuance of the writ is clear and indisputable;" and (3) the issuing court is satisfied that "the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010).

review." (D.I. 1 at 2) He asserts that he has diligently sought to obtain his sentencing transcripts for the purpose of appeal, and that his requests have been denied. *Id.* Petitioner does not identify any Delaware case presently pending before the Delaware courts, and the Court notes that his time to file a direct appeal from his 1997 conviction in Delaware expired long ago. Aside from the instant proceeding, Petitioner does not have any case presently pending before this Court.

The Court does not have jurisdiction to grant Petitioner's request. *See In re Wolenski*, 324 F.2d 309 (3d Cir. 1963) (per curiam) (stating District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"). As recently explained by the Court of Appeals for the Third Circuit, "[s]tate courts are not 'lower courts' from this Court's perspective, and principles of comity and federalism ensure that a federal court ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it." *In re Whiteford*, 2013 WL 979413, at *1 (3d Cir. Mar. 14, 2013) (internal citations omitted). Accordingly, the Court will dismiss the Petition for lack of jurisdiction.

### III. CONCLUSION

For the aforementioned reasons, the Court concludes that it must dismiss the instant Petition for Writ of Mandamus for lack of jurisdiction. A separate Order will be entered.

Dated: March 20, 2014

_____
UNITED STATES DISTRICT JUDGE